The Commonwealth of Massachusetts
United States District Court
District of Massachusetts

Michael Baggett, ProSe   **05-12036JLT**
                 Plaintiff   Referred to MJ JL Grievance
                                        Complaint
- Against -                            Jury trial Demanded

Carol Lawton, Director of Classification
Kathleen M. Dennehy, Commissioner
Bernard Brady, Superintendent - OCCC
Edward A. Flynn, Secretary
James Bender, Deputy Commissioner
Mitt Romney, Governor
Kerry Healey, Lt Governor
Kenneth W. Nelson, Acting Commissioner
Patrick Bradley, Undersecretary of Public Safety
James A, Ferreira, deputy of Operations
Edward Coto, CPO III
Amanda McKenzie, IPS
Donna Solamon, Case Worker
Mark Powers, Deputy Superintendent
            Defendant (s)

# I Jurisdiction & Venue

1. This is a civil Action Authorized by 42 U.S.C. Section 1983 And Section 1985 to redress the deprivation, under color of State law, of rights Secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C. Section 1331 And 1343 (a)(3). Plaintiff Michael Baggett Seeks declaratory relief pursoant to 28 U.S.C. Section 2201 And 2202 plaintiffs claim For injunctive relief Are Authorized by 28 U.S.C. Section 2283 And 2284 And Rule 65 of the Federal Rules of Civil Procedure.

2. The District of Massachusetts is An Appropriate Venue under 28 U.S.C. Section 1391 (b)(2) because it is where the Events giving rise to this claim occurred.

## II Plaintiff(s)

3. Plaintiff Michael Baggett, Pro Se is And Was, At All times Mentioned herein A (prisoner) of the State of Massachusetts in the Custody of the Executive office of Public Safety And The Department of Correction of the State of Massachusetts. He is Currently Confined At old Colony Correctional Center / Administration Road Bridgewater, Mass. 02324

## III Defendant(s)

4. Defendant, Carol Lawton director of classification is legally responsible for the Operations of Classification of OCCC And for the welfare of All the inmates of that prison. Defendant Kathleen Dennehy is responsible for the overall department of Correction. Defendant Bernard Brady is responsible for the operations of old Colony Correctional Center.

**PAGE 4.**

Defendant Edward A Flynn is responsible for the Executive office of Public Safety And the Offices And Department of Corrections. Defendant James Bender is legally held responsible for the Action of his officers throughout the Dept of Correction. Defendant Mitt Ronney is responsible for the training of Carol Lawton to instruct, Supervise that inmates Recieves Fair treatment. Defendat Mitt Ronney Allowed Commissioner Dennehy to Employ Carol Lawton Someone who displays Symptons of Self loathing bipolar disorder who is incompetent. Mitt Ronney is responsible For Carol Lawton's Actions of low intelligence, behavioral Abnormalities And her Symptons of Nomenclature, Are (1), Mental retardation (2) A profound I.Q under 20. Defendant(s) Healey Defendant Nelson Defendant Bradley, Ferreir, Coto, Powers And McKenzie, Solamon All Are Mentioned

**P₄ε 5.**

herein this Complaint And responsible for
their Conduct AS Cruel and Unusual. As
they Agreed with Carol Lawton Considers
innate rights AS Uninhabitable human beings
Not worth the Shit Caused in Cancer in
laboratory Animals!!!

**5.** Each defendant is Sued individually
And in his/or her official Capacity. At all
times Mentioned in this Complaint Each of
the defendants Acted Under the Color of
State Law.

# III Facts.

**1.** On October 3, 2005 plaintiff requested
Access to his Savings Account transferring
$ 70.00 to Massachosett trial Court Probate
And family Court Department. The Court
requested the long Form birth Certificate.
Director of Classification Carol Lawton
denied request After Case worker Show Mg
her proof the Court needed legal
document. Carol Lawton denied request.

PAGE 6.

" Upon information and belief Carol Lawton
Stated that Nigger get Nothing."

2. On September 30, 2005 plaintiff requested
Again Access to an Attorney Call to Mrs Hamilton
Dir. of Classification Carol Lawton denied legal
Call to Any Attorney, Massachusett Correctional
Legal Services Attorney's Lyonel Jean-Pierre Jr.
And Bart Gordon Fellow Attorney wrote Carol Lawton
And Superintendent Brady regarding Michael his
Baggett's Access to Call his Attorney and his Law library,
Access to the general library and Law library.
" Upon information And belief Carol Lawton
Stated the only way Michael Baggett was getting
A legal phone Call was over her dead body. Or
Unless he gets a Court Order. From a Judge. Exhibits
A & B.

3. On September 22, 2005 plaintiff
requested Access to his Savings Account for
A legal document Need from the Office of the
Secretary of the Commonwealth - Corporation
Division payable to the Commonwealth of
Massachusetts For $35.00 for My legal-defense

Carol Lawton denied request. After (SEPS) officer Amanda Mckenzie " Upon information And belief Mckenzie Called their legal department and their Attorney Ordered Carol Lawton to issue the checks for plaintiffs legal-defense Carol Lawton stated I'll do it when I find time. "

**4.** On September 13, 2005 plaintiff requested Access to his Savings Account for legal documents from the offices of The Foundation Center for $35.00 for My leaga-defense Again Carol Lawton denied legal request. " Upon information And belief Carol Lawton stated until she reads his Criminal Appeal to the SJC he gets nothing from Me. I stated to Carol Lawton this is A Violation of My Civil Rights. She stated then Nigger take Me to Court.

**5.** On September 1st, 2005 I recieved A letter from James A. Ferreira that Carol Lawton, was Under investigation for staff Misconduct. And that reply was forwarded to Superintendent Brady And Edward A Flynn of the Executive office of Public Safety. Exhibit C is Enclosed " Upon information and belief James A Ferreia States this investigation is going No were And I'm not Using the law Library Ever.

**6.** On April 27, 2005 I wrote Secretary Flynn regarding 103 CMR 405.07 (03) provides I. the direction to Employees Carol Lawton. I Stated Mass. Gen. Law. 127 § 48A Paragraph 3 State Circumstances of Compelling Needs, including, but not limited to Expense related to Family illness or ceath, legal-cefense. Exhibits will show records that indicate A request for $30.00 transfer was approved on April 13, 2005. However the legal request was Made Monday January 3rd, 2005 to Attorney/investigator B. Schke. Carol Lawton

PAGE 9.

held up my investigation without Just Cause.
Her only Verification connent were how does
She Knew the Money was going to the Courts
And investigators. She Stopped My Criminal
Appeal. And her Conspiracy to interfere with
Civil rights, Carol Lawton Violated My due
process. As a result I was unable to present
And introduce Excolpatory Evidence.

7. On June 1, 2005. Superintendent
Brady lied about plaintiffs weekly income.
Pursuant to 103 CHR 481.10 plaintiffs weekly
income has never been More than $ 9.00 Dental
According to the letter he wrote Attorney Daniel
Jean-Pierre, Jr. Exhibit F Enclosed. 2nd point
plaintiff did produce compelling legal need because
he issued the checks. Please review inmates
prison Account.

8. On June 13, 2005 Attorney Daniel
Jean-Pierre Jr and Myself were talking on
the phone When Carol Lawton had our phone
Call cut off And She determined who

Plaintiff Michael Baggett talks too. Exhibit G. "Upon information and belief Carol Lawton stated that Nigger will not talk to Attorines and will not use my Law libiary to take me to Court.

9. From October to January old Colony Correctional Center refused to Mail plaintiffs legal Mail to Courts, Judges, Any Member of the Congress of the United States. Re. Order of Carol Lawton See Exhibits from Superintendent Brady. Lawton And Brady, Dennehy, Flynn, Ronney Healey, Nelson, Bradley, Ferreira, Coto, Mckenzie, Solanow And powers Knew Carol Lawton had told the Mail officer can't Mail that Nigger's legal Mail. Amanda McKenzie Never Answered My Emergency grievance form. "Upon information And belief Carol Lawton gave this Administrative Order." Exhibit H Enclosed. Postage Exhibits 1 through 9 Charged from My prison Account Signed by Donna Solanow Case Worker. Enclosed as proof

**10.** From January 1, 2005, through October 31, 2005 plaintiff has not been able to meet Court dates and present Evidence for his Criminal Appeal nor use the law library. Carol Lawton has plaintiff locked up 24 hours a day with no Access to School, Ged or general population for no reason. I know I have a right to Access School and the law library And a right to Access the Courts. My Mail Should go out Sent to My family Unopened And Above All to the Courts Unopened from Carol Lawton. "Upon information And belief plaintiffs Mail Must be Sent to Carol Lawton for her reading before plaintiff Can Mail his Mail."

And pursuant to the law Carol Lawton is violating My rights. Exhibit I Enclosed.

Page 12.

# IV. Exhaustion of Legal Remedies.

1. Plaintiff Michael Baggett Used the prisoner grievance procedure. Available At Old Colony Correctional Center to try And Solve the problem On 1/3/2005. On 1/3/2005 Michael Baggett presented the facts relating to this Complaint. As of October 2005 I WAS Sent no response from AMANDA McKenzie, IPS officer. Carol Lawton Sent ME A form from the Superintendent's office response. Saying denied with no reason. Exhibit J.

# V. Legal Claims.

1. This is A civil rights Violations, brought Under 42 U.S.C. Section 1983 by Michael Baggett whose presently being denied Appropriate Access to the purpose of 103 CMR 405.00 this policy is issued pursuant to MASS. GEN. LAW., c 124,

Sec 1(c), (q): c. 127, Sec 3, 48, 48A, 49
96, And 162: c. 22E, Section 4, And Executive
Order 399. In Seeking to preserve inmate funds
103 CMR 405.05 (3) Meets the First Criterion
Enunciated in Champagne V. Commissioner 480
N.E. 2d 609 Mass. 1985. However, it fails to
Advance this goal in the least restrictive
Manner possible As Evidenced by Comparing the
regulation to the Ch challenged And Here narrowly
Section of 103 CMR 405.07(3). The generality
of 103 CMR 405.07(c3) provides little
direction/vagueness to those officials of Old
Colony Correctionall Center Employees.

On or About January 3, 2005 plaintiff
Michael Baggett requested Funds From his Savings
Account pursuant to M.G.L. c. 124 Section
1(c),(q): c. 127, Section 48A, Department of
Correction " old Colony Correctional Center
denied plaintiff Access to the Courts And due
process clause. Plaintiffs "Liberty interest"
was Violated when Carol Lawton interfered
with or violated his Constitutionally protected

# Page 14.

rights. Two important Supreme Court
Cases govern due process rights for prisoners
in the first case, Wolf v. McDonnell. The
Second important Supreme Court, Case Sandin
V. Conner. The heart of plaintiffs case was
he was denied the right to pay a private
investigator their service fee. Carol Lawton
denied plaintiff the right to Send Money to the
Courts to pay for transcripts and records. The
plaintiff was denied the right to Send a check to
A public officials. plaintiff was denied legal
Mail – legal internet Mail pursuant to NGL 127 §
57, 103 CMR 481.00 And denied the right to
pay his legal internet website for his legal
defense.

The Executive offices of public Safety and
the department of Corrections Old Colony Correctional
Center intentionally And without Justification
Committed An Assault on the plaintiff Michael
Baggett who as a result Suffered damages in
the form of Mental injury. Pain of body And

Mine, Emotional distress.

Mitt Romney, Kathleen Dennehy, Edward A.
Flynn, Bernard Brady failed to train Carol
Lawton and Supervise. Carol Lawton Acting
Under color of State law, plaintiff was deprived
of rights guaranteed to him by the United
States Constitution, including but not limited to
those rights guaranteed under the First, Fourth,
Eighth and Fourteenth Amendments, denial of
Substantive due process and for Equal protection
of the law, And Subjected to Cruel and Unusual
punishment in that the Said defendants Actions
were undertaken with deliberate indifference to
the rights guaranteed to the plaintiffs, And Carol
Lawton should have Known her Action would
Violate plaintiffs rights

The Court must demand that the physical
And psychological Abuse be brought to An
End.

Page 16.

Plaintiff requested Money from his Savings
Account in January 3, 2005 the Department
of Correction, C/o Colony Correctional Center
gave plaintiff his legal funds 7 Mo's later
for his Appeal. The heart of plaintiffs
Appeal Couldn't wait 7 Months for Carol
Lawton to Sign transfer.

Plaintiffs Case/Appeal was harmed when
he Could not present Evidence on a timely
Manner to the Court. At the hand of Carol
Lawton, Bernard Brady, Kenneth Nelson,
Carol Mici, Kathleen Dennehy, Mitt Romney
And Edward A. Flynn the investigator Couldn't
produce Any Evidence, photo's, on recorded records,
Suppress Any Evidence, question police officers,
inadequate Evidence was presented to the
Court. Mainly Carol Lawton "denied"
plaintiff the integrity to "introduce Exculpatory
Evidence."

Carol Lawton's Actions Withholding Fund from Attorney at Law and investigators is one example of impairing the integrity of the process. Exhibits K and Exhibit L Show how long Carol Lawton with held Fund from investigators 7 Months. And the offices of Public Safety Dept of Correction Acting Assistant Commissioner Allowed Carol Lawton's Actions Under Color of Law. plaintiff wrote Several Letter to Governor Mitt Romney regarding Carol Lawton's Action. Governor Mitt Romney allowed Carol Lawton to Act unlawful Under his powers. The Governor is not Qualified to immunity because he "Knew" of Carol Lawton Actions. Qualified immunity protects officials from damage liability in Civil rights Cases. Unless they violate "Clearly Governor Mitt Romney Understood plaintiffs Constitutional rights were being Violated by Carol Lawton."

## Page. 8.

which a reasonable person would have known,
Carol Lawton Should Under go A Court Order
for A Mental Examination As She displays Most
Symptoms of Non Compos Mentis Not of A
SANE Mind, Not in possession of her Managing
one's Affairs.

Plaintiffs request Oral Argument pursuant
to Rule 35 For Mental Examination Carol Lawton
displays the Symptoms of Self-loathing bipolar,
disorder who is incompetent. As the Honorable
Justice will Note Carol Lawton is under Several
investigations. Edward A. Flynn is aware of
her Actions. Carol Lawton Suffers from
Folie à quate A form insanity. Her
Appearance is A Women of delosional
Schizophrenic impairment.

**Page 19.**

Might be to her thinking which gives
rise to defects in Judgment And leads to
behavioral Abnormalities.

The Mental Examination of Carol Lawton and
her Symptoms of Nomenclature, Are; (i)
Mental retardation is placed first in the listing,
to Emphasize that Carol Lawton is to be
diagnosed whenever present And whatever its
Cause. The following table is Adapted from
DSM-II, the Diagnostic And Statistical Manual
of Mental Disorder, 2nd Ed., American Psychiatric
Association, Washington DC. Mental
                                    " Retardation of
                                      Carol Lawton"

310  Borderline    (I. Q. 68 - 83)
311  Mild          (I. Q. 52 - 67)
312  Moderate      (I. Q. 36 - 51)
313  Severe        (I. Q. 20 - 35)
**Carol Lawton 314 Profound** (I.Q. Under 20)
With Each of the Above: following or
Associated With  1. Major Psychiatric disorder
2. Gross brain disease. Carol Lawton's
Unspecified Mental retardation (When
level of functioning Cannot be Evaluated
Precisely).

# Page 20.

The plaintiff has no plain, Adequate or Complete remedy at law to redress the wrongs described herein. Plaintiff has been and will Continue to be irreparably injured by the Conduct of Carol Lawton and the defendants Unless this Court grants the declaratory And injunctive relief which plaintiffs Seeks.

# VI Prayer for Relief

Wherefore, plaintiff respectfully pray that this Court Enter Judgment granting plaintiff:

**1.** A declaration that the Acts_Omissions described herein Violated plaintiff's rights Under the Constitution and laws of the United States.

**2.** A preliminary and permanent injunction ordering the Executive offices of Public Safety and the department of Correction to

# Page 21.

Allow Michael Baggett plaintiff to Attend (Ged) School And Use general library And Law library. Pursuant to 103 CMR 478.

3. place plaintiff back in population At once without delay.

4. Issue An injunction plaintiff have in his possession his laptop Computer, diskettes and CDs related to his Criminal Conviction. That he be Allowed to Keep in his possession.

5. Issue An injunction plaintiff is to return to work At his pay rate of $5.00 A day Six days A week At old Colony Correctional Center. All back pay is to be reinstated At once Superintendend Bernard Brady. And order Superintendend Brady to issue funds payable to the Courts As plaintiff had Asked Carol Lawton. Issue checks payable At once for Michael Baggett legal-defense.

6. Issue An declaratory judgment Stating Pursuant to MGL c. 127 § 48A P3 provides little direction A Vagueness.

7. Issue An injunction Stating All work Funds to be placed in plaintiffs personal Account Until 2012.

8. Issue An injunction Stating to defendants to stop Opening plaintiffs legal Mail.

9. Issue An injunction to Ann Cowell, Librarian to Make Copies For plaintiff to include As Many Copies plaintiffs Need For The Versachi Organization, The Versachi publication, And The Colleagues Concerning plaintiffs Criminal Case. If plaintiffs Ask for ten Copies Ann Cowell Librarian will Make (10) Copies without Any delay.

PAGE 23.

10. A Jury trial on All issues triable by Jury.

11. Issue An Injunction Ordering the department of Correction At Old Colony Correctional Center Issue An Order for them to tAke Money From My Savings Account to pAY reMAINIng legal - Fees to :

1. Plymouth Probate & Family Court for $ 20.00
2. CommonwealtH of Massachusetts For $ 35.00
3. The Foundation Center for $ 35.00
At Once. Carol Lawton is holding up the process.

October 14, 2005

Respectfully Submitted

Michael Baggett
1 Administration Rd
Bridgewater, MA. 02324

**Page 24.**

# Verification

I have read the foregoing Complaint And hereby verify that the Matters alleged therein Are true except As to Mater Alleged on information And belief, And, As to those, I believe they to be true. I Certify Under penalty of perjury that the foregoing is true And Correct.

Executed at Bridgewater, MA. on Oct 14, 2005

Michael Baggett
1 Administration Rd
Bridgewater, MA 02324

**Massachusetts Department of Correction**
**Inmate Telephone System Number Request Form**

INMATE NAME: _Michael Baggett_    INMATE PIN #: _244541_

COMMITMENT #: _W82927_ UNIT: _Sampson_    LANGUAGE PREFERENCE:
ENGLISH ☑ SPANISH ❑

Inmate Signature: _Mid Bagtt_    Date: _8/23/05_

| Add (A)/ Delete (D) | Name of Called Party | Relationship | Area Code | Telephone Number |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

*THE FOLLOWING (APPROVED) ATTORNIES AND PRIVILEGED NUMBERS WILL NOT BE RECORDED*

| | Name | Area Code | Telephone Number |
|---|---|---|---|
| (A) | Linda Hamilton | 413 | 625 – 9687 |
| | | | |
| | | | |
| | | | |
| | | | |

Your acceptance of a PIN and use of inmate telephones shall be deemed as consent to the conditions and restrictions placed upon inmate telephone calls, including call monitoring, recording, and call detail. 3 way calling not allowed.

Reviewed by Unit Staff Member (name and signature)    Date 8/25/05



**MASSACHUSETTS CORRECTIONAL LEGAL SERVICES**

8 WINTER STREET, BOSTON, MA 02108-4705

617-482-2773; WATS 800-882-1413
FAX 617-451-6383
State Prisoner Direct Line 877-249-1342
County Collect Calls 617-482-4124
www.mcls.net

8/11/05

Mr. Bernard Brady
Superintendent
Old Colony Correctional Facility
One Administration Rd
Bridgewater, MA  02324

Dear Mr. Brady:

On behalf of Mr. Michael Baggett # W82927, I would like to request your assistance. Mr. Baggett needs help placing on his pin the phone number of Attorney Linda Hamilton. As explained to me, Mr. Baggett is involved in legal proceedings and is represented by Ms. Hamilton but has not been successful with his numerous attempts to properly place her number on his telephone pin as necessitated by 103 CMR 482(3). With each passing moment that Mr. Baggett is unable to contact Ms. Hamilton his ability to receive adequate and proper legal representation is endangered and his constitutional rights to a fair hearing is placed in jeopardy. It would be greatly appreciated if you could assist Mr. Baggett with this matter. I thank you for your attention to this concern.

Sincerely,

Lyonel Jean-Pierre Jr.
Bart Gordon Fellow Attorney



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*
*Old Colony Correctional Center*

*One Administration Road*
*Bridgewater, MA 02324*
*(508) 279-6000*
*www.mass.gov/doc*



**Mitt Romney**
*Governor*

**Kerry Healey**
*Lt. Governor*

**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*

**James Bender**
*Deputy Commissioner*

**Bernard F. Brady**
*Superintendent*



May 20, 2005

Michael Baggett   W82927
Old Colony Corectional Center
Sampson Unit
One Administration Road
Bridgewater, MA  02324
                        (

Dear Mr. Baggett,

I am in receipt of your correspondence addressed to Secretary of Public Safety Edward Flynn dated April 27, 2005 regarding your request to transfer funds from your savings to personal account. It has been referred to my office for response.

Records indicate a request for a $30.00 transfer was approved on April 13, 2005. A subsequent request for a money transfer was denied based on no documented evidence that the funds were being directed towards a legal issue. This office received no further requests. All future requests should be initiated via your unit team. Upon a review of the required documentation the request is forwarded to my office for a final review and decision.

I trust this response addresses your issues.

Sincerely,

Bernard F Brady
Superintendent

cc:  Patrick Bradley, Undersecretary of Public Safety
     Kathleen M Dennehy, Commissioner
     File



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*
*Old Colony Correctional Center*

*One Administration Road*
*Bridgewater, MA 02324*
*(508) 279-6000*
*www.mass.gov/doc*





**Mitt Romney**
*Governor*

**Kerry Healey**
*Lt. Governor*

**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*

**James Bender**
*Deputy Commissioner*

**Bernard F. Brady**
*Superintendent*

June 1, 2005

Lyonel Jean-Pierre, Jr.
Massachusetts Correctional Legal Services
8 Winter Street
Boston, MA 02108-4705

Dear Mr. Jean-Pierre,

I am in receipt of your correspondence dated May 24, 2005 regarding your client, Michael Baggett.

Be advised Mr. Baggett is not considered indigent as he has a weekly income from participation in the work program in addition to a savings account. Additionally Mr. Baggett may request a transfer of funds from his savings account to his personal account. However, Mr. Baggett has neglected produce a compelling need as described in 103 CMR 405, Inmate Funds. Mr. Baggett has been advised that should he request a transfer from his savings to personal account for the purpose of postage that he should attach the correspondence to the request for immediate consideration.

I trust this response addresses your concerns.

Sincerely,

Bernard F Brady
Superintendent

cc: Michael Baggett, W 82927
    File

## **MASSACHUSETTS CORRECTIONAL LEGAL SERVICES**

8 WINTER STREET,  BOSTON, MA  02108-4705

617-482-2773; WATS 800-882-1413
FAX 617-451-6383
State Prisoner Direct Line 877-249-1342
County Collect Calls 617-482-4124
www.mcls.net

6/13/05



Mr. Michael Baggett
Old Colony Correctional Facility
One Administration Rd
Bridgewater, MA  02324

Dear Mr. Baggett:

The recent phone message that you left for me was incomplete. Somehow you were cut off and I am unable to determine the context of your message. Because I will frequently be in and out of the office, I suggest that you write me a latter. However, if you want to take another chance you may call and leave another message if I am unavailable. I apologize for the inconvenience.

Sincerely,

Lyonel Jean-Pierre Jr.
Bart Gordon Fellow

**Exhibit M**

FORM "A"

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: Baggett Michael | INMATE'S #: W82927 | DATE: 1/03/05 |
|---|---|---|

| INSTITUTION: OCCC | DATE OF INCIDENT: 1/03/05 |
|---|---|

**INSTRUCTIONS:**
Refer to 103 CMR 491, Inmate Grievance Policy.
Check off a grievance type that best describes your grievance in **Block A.**
In **Block B**, give a brief and understandable summary of your complaint/issue.
List any actions you may have taken to resolve this matter in **Block C**. Be sure to include the identity of staff members you have contacted.
Provide a Requested Remedy in **Block D.**
Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

✓ **EMERGENCY**

Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.

**103** CMR 481.00 INMATE MAIL section 481.10 free postage for indigent inmates states inmates shall be permitted to mail three letters first class weighing one ounce or less each week at institutional expense. 481.11 privileged mail/Legal mail in section 481.12 any officer of the court, any member of Congress of the United States.

At no time for the last sixty days has my account contained more than ten ($10.00) total in account has been $2.50. Superintendent Bernard Brady has denied all request.

Pursuant to MGL c. 127 §87 otherwise granted by state and federal law.

List any action taken to address/resolve this matter. Include the identi**ty of staff members you have contacted.**

Have written letters to secretary Edward Flynn, Kathleen M. Dennehy Commissioner, James R. Bender deputy commissioner, Bernard Brady Supt.

Provide your Requested Remedy.

I would like your officers to mail my mail.

Inmate's Signature _____ Date: 1/03/05

Staff Recipient _____ Date: _____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)
Block A. Continued   (SELECT ONE TYPE ONLY)



### COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: Baggett Michael | INMATE'S #: W82927 | DATE: 5/1/05 |
|---|---|---|
| INSTITUTION: OCCC | DATE OF INCIDENT: 1/2/05 through 5/3/05 | |

**INSTRUCTIONS:**

Refer to 103 CMR 491, Inmate Grievance Policy.

Check off a grievance type that best describes your grievance in **Block A.**

In **Block B**, give a brief and understandable summary of your complaint/issue.

List any actions you may have taken to resolve this matter in **Block C**. Be sure to include the identity of staff members you have contacted.

Provide a Requested Remedy in **Block D.**

Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

✓ **EMERGENCY**

Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.

Pursuant to Mass.Gen.law c. 124, sec 1(c),(q); c. 127 sec 3 48, 48A, 49, 96 and 162; c. 22E sec 4, and executive order 399. The 103 CMR 405.07 (03) provides little direction to those officials and employees od the Dept of Correction. MGL 127 § 48A ¶3 states any compelling need, including legal defense, family illness or death prisoners shall have access to their saving accounts provided they have more than $100 dollars. Superintendent Bernard Brady has denied all request for legal defense including court cost and attorney fees to the Pittsfield Superior Court, Greenfield Superior Court, SJC Court. Letters have been mail to Honorable Judge Ford and Honorable Mary-Lou Rup First justice of the Superior Court. These actions of the superintendent has caused my appeal to suffer the circumstances at the hand of the Old Colony Correctional Center. Exhibit B received OCCC superintendent's office AM 9:45 Michael Baggett legal defense request for $21.95 denied. No explanation. I'm being deprived my life, liberty and property without due process of law.

List any action taken to address/resolve this matter. Include the identi ty of staff members you have contacted.

I have written letters to Commissioner Kathleen M. Dennehy, James R. Bender deputy commissioner, Secretary Edward Flynn, Bernard Brady.

Provide your Requested Remedy.

Pursuant to MGL 127 §48A and 103 CMR 405.07(3) allow prisoner access to saving account for meaningful legal defense, transfer $194.00 to personal account.

Inmate's Signature ___Michel Byth___   Date: _4-3-05_

Staff Recipient _____   Date: _____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**

(Inmate receipts/responses will be generated via the Inmate Management System.)

Block A. Continued   (SELECT ONE TYPE ONLY)

Approved/Denied

Superintendent's Signature

Date 4/5/05

Rev: 8/03
A: Office forms\Perstosavings

Michael Baggett
Denied

# Exhibit

J



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Office of the Assistant Deputy Commissioner*



**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

*One Industries Drive, Bldg. A*
*P.O. Box 188*
*Norfolk, MA 02056*
*(508) 850-7732/7733   Fax (508) 850-1027*
*www.mass.gov/doc*

**Kathleen M. Dennehy**
*Commissioner*

**James R. Bender**
*Deputy Commissioner*

**Timothy Hall**
*Assistant Deputy*
*Commissioner*

July 29, 2005

# Exhibit K

Michael Baggett, W82927
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

Dear Mr. Baggett:

Your correspondence addressed to Commissioner Dennehy dated April 14, 2005 to include your letter addressed to Secretary Flynn dated April 27, 2005, regarding a request to transfer funds from your savings to personal account, has been referred to my office for response.

Records indicate three requests to transfer funds. One request was honored on April 13, 2005 in which $30.00 dollars were transferred from your savings account to your personal account. A second request was denied based on no documented evidence that the funds were being directed towards a legal issue, as needed prior to the release of savings funds. Lastly, a request was honored on June 10, 2005 in which $194.00 dollars were transferred to your personal account to accommodate legal expenses.

Based on your fiscal accounts report indicating the above-mentioned transactions, I trust your issues have been resolved.

Regarding your claim of indigence, records indicate a job assignment with pay benefits, which would make you ineligible to receive free postage.

Sincerely,

Kenneth W. Nelson
Acting Assistant Deputy Commissioner

cc: Patrick Bradley, Undersecretary of Public Safety
Kathleen M. Dennehy, Commissioner
Bernard F. Brady, Superintendent, OCCC
Inmate File
File



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Central Classification Division*

Mitt Romney
*Governor*

Edward A. Flynn
*Secretary*

*c/o Correctional Industries, P.O. Box 188*
*Norfolk, Massachusetts 02056*
*Tel:(508) 850.7745 Fax:(508) 850.5213*

Kathleen M. Dennehy
*Commissioner*

James Bender
*Deputy Commissioner*

September 7, 2005



Michael Bagget, W82927
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

Dear Mr. Bagget:

Your letter to Commissioner Dennehy dated September 1, 2005 in which appeal your most recent classification board has been referred to me for response.

Be advised your appeal has been entered into the Inmate Management System in accordance with 103 CMR 420 *Classification,* and is pending a decision from the Superintendent's Office. Subsequently, you shall be notified of the results.

I trust this letter addresses your concerns.

Sincerely,

Carol Mici

Carol Mici
Director Classification Division

CM/jec

cc:     Kathleen M. Dennehy, Commissioner
        Bernard Brady, Superintendent/OCCC
        File

BRIDGEWATER COMPLEX CHARGE SLIP

Exhibit 3

CIRCLE ONE: MTC OCCC

DATE: 8/8/05

CHARGE $ 2.96 TO THE ACCOUNT OF

INMATE NAME Mike Baggett

COMM # W82927 PAID
AUG 1 2 2005

PAYABLE TO: Postage

OR: Mail @ $.37 ea 8 Pieces of Mail

INMATES SIGNATURE:

APPROVED BY:

CK # _____ DATE PAID _____

---

BRIDGEWATER COMPLEX CHARGE SLIP

Exhibit 1

CIRCLE ONE: MTC OCCC

DATE: 7/12/05

CHARGE $ 2.31 TO THE ACCOUNT OF

INMATE NAME Michael Baggett

COMM # W82927

PAYABLE TO: Postage

FOR: Legal - Court

INMATES SIGNATURE:

APPROVED BY:

CK # _____ DATE PAID _____

---

BRIDGEWATER COMPLEX CHARGE SLIP

Exhibit 5

CIRCLE ONE: MTC OCCC

DATE: 7/2/05

CHARGE $ 30.00 TO THE ACCOUNT OF

INMATE NAME Michael Baggett

COMM # W82927

PAYABLE TO: Commonwealth of Massachusetts

FOR: Court Fees & Subpoenas to be serviced.

INMATES SIGNATURE:

APPROVED BY:

CK # 10/201 7/8/05 DATE PAID _____

---

BRIDGEWATER COMPLEX CHARGE SLIP

Exhibit 4

CIRCLE ONE: MTC QCCC

DATE: 8/19/05

CHARGE $ 74 TO THE ACCOUNT OF

INMATE NAME Mike Baggett

COMM # W82927

PAYABLE TO: Postage

FOR: Legal Mail 2 Pieces of Mail

INMATES SIGNATURE:

APPROVED BY: PAID
AUG 2 6 2005

CK # _____ DATE PAID _____

**BRIDGEWATER COMPLEX CHARGE SLIP**

Exhibit 7

CIRCLE ONE: MTC OCCC MTl

DATE: 7/22/05

CHARGE $ .37 TO THE ACCOUNT OF

INMATE NAME Mike Baggett

COMM # W82727

PAYABLE TO: Postage

FOR: 1 Piece of Mail

INMATES SIGNATURE: Norma Solomon

APPROVED BY:

CK # _____ DATE PAID _____

---

**BRIDGEWATER COMPLEX CHARGE SLIP**

Exhibit 6

CIRCLE ONE: MTC OCCC

G-21 DATE: 9/1/05

CHARGE $ .37 TO THE ACCOUNT OF

INMATE NAME Michael Baggett

COMM # W82927

PAYABLE TO: Postage

FOR: 1 Piece of Mail

INMATES SIGNATURE:

APPROVED BY: Norma Solomon

CK # _____ DATE PAID 2005

---

**BRIDGEWATER COMPLEX CHARGE SLIP**

Exhibit 9

CIRCLE ONE: MTC OCCC MTl

DATE: 7/27/05

CHARGE $ 1.11 TO THE ACCOUNT OF

INMATE NAME Michael Baggett

COMM # W82727

PAYABLE TO: Postage          PAID
                             JUL 29 2005
FOR: Legal

INMATES SIGNATURE:

APPROVED BY: Norma Solomon

CK # _____ DATE PAID _____

---

**BRIDGEWATER COMPLEX CHARGE SLIP**

Exhibit 8

CIRCLE ONE: MTC OCCC

DATE: 7/25/05

CHARGE $ 1.52 TO THE ACCOUNT OF

INMATE NAME Michael Baggett

COMM # W82927

Legal Dept Dept of Correction & Office
          of the Attorney General
PAYABLE TO: 50 Maple St Milford MA. 01757

FOR: Postage Paid          PAID
                           AUG 4 2005
INMATES SIGNATURE:

APPROVED BY: Norma Solomon

CK # _____ DATE PAID _____